Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
Eran S. Forster
Nevada State Bar No. 11124
eforster@gmail.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Valika Vanden Brink

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VALIKA VANDEN BRINK,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UHS OF DELAWARE, INC., a Delaware Corporation, UHS OF SPRING MOUNTAIN, INC., A Delaware Corporation, DOES 1-50 and ROES 1-50.<br><br>　　　　　Defendants. | Case No.: 2:19-cv-00008<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

　　　COMES NOW, Plaintiff, Valika Vanden Brink and files this civil action against Defendants, and each of them, for violations of The Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows

//
//
//
//
//
//

**COMPLAINT FOR DAMAGES**
-1-

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 & 1345 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12133. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

2. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

3. Plaintiff has exhausted her administrative remedies.

4. All conditions precedent to jurisdiction under section 29 U.S.C. §621 et seq. have occurred or been complied with:

   a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

   b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated October 4, 2018. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

5. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

6. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

**PLAINTIFF**

7. Plaintiff, Valika Vanden Brink (hereinafter, "Plaintiff"), was a qualified/eligible "employee" of defendants UHS of Delaware, Inc. (hereinafter, "UHS), and UHS of Spring Mountain, Inc. (hereinafter, "UHS of SM") (collectively, "Defendants").

8. Plaintiff is an otherwise qualified individual with a disability in that Plaintiff was able to perform all of the essential function of the job of Patient Account Manager, with or without reasonable accommodations.

9. Plaintiff was employed by Defendant UHS from April 2002, to approximately January 5, 2018.

## DEFENDANTS

10. At all relevant times, both Defendants are corporations doing business in Las Vegas, Nevada, and at all relevant times both Defendants have had at least 15 employees.

11. Defendant UHS is a Delaware corporation qualified to do business in Nevada. Defendant employs 15 or more employees and is an "employer" within the meaning of 42 U.S.C. §12111. Defendant has one of many local and national locations, including the Valley Health System, with a physical address of 2075 East Flamingo Road, Las Vegas, NV 89119.

12. Defendant UHS of SM is a Delaware corporation qualified to do business in Nevada. Defendant employs 15 or more employees and is an "employer" within the meaning of 42 U.S.C. §12111. Defendant has one or more local locations, including the Spring Mountain Treatment Center, with a physical address of 7000 West Spring Mountain Road, Las Vegas, NV 89117.

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

## STATEMENT OF FACTS

14. Plaintiff worked for Defendant UHS from April 2002 to January 5, 2018, at the Valley Health System (hereinafter, "VHS"), as a Patient Account Lead.

//

//

15. Defendant UHS owns and operates Defendant UHS of SM and dictates rules for transferring to and from their owned entities. At all relevant times, Defendants act as one and the same entity and are joint employers.

16. On or about December 18, 2018, Plaintiff received a job offer as a Patient Account Manager, from UHS to work for Defendants at their Spring Mountain location, the Spring Mountain Treatment Center (hereinafter, "SMTC").

17. On or about December 19, 2018, Plaintiff accepted the position of Patient Account Manager with Defendants, to start January 9, 2018, at SMTC.

18. Initially, the new position at Spring Mountain was supposed to be a transfer, but because transfers at UHS took typically 30 days to complete, Defendant UHS required the move to be as a "new hire" to expedite the process.

19. As a "new hire," Plaintiff was required to undergo a new health screen and drug test.

20. Defendant UHS also required Plaintiff to provide notice to her current supervisor at UHS and resign from her position, in order to take the new position at SMTC.

21. Plaintiff took all the necessary prerequisites for her new position as a Patient Account Manager at SMTC including a drug test on December 21, 2018.

22. On January 1, 2018, Dr. Jerome Cooper, the physician administering the drug test, informed Plaintiff that she wouldn't receive her new position as a Patient Account Manager because she failed her drug test.

23. Plaintiff informed Defendants that she was on prescription medications because of her disability and that Dr. Cooper never asked for documentation regarding prescriptions or disabilities.

24. Plaintiff worked with Human Resources for Defendants but was ultimately told that she failed the drug test and that providing her prescriptions was immaterial to their analysis.

25. Defendant UHS did not restore Plaintiff to her former position at VHS as a Patient Account Lead and Defendants did not honor Plaintiff's job offer at SMTC as a Patient Account Manager.

//

26. Plaintiff was denied reemployment from Defendant UHS and their subsidiaries for 1 year because of the failed drug test.

## COUNT I

## DISABILITY DISCRIMINATION

**Americans with Disabilities Act (42 U.S.C. §12101, et seq.)**

**(Against Defendants UHS, UHS of SM, AND DOES 1-50, inclusive.)**

27. Plaintiff hereby incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Plaintiff has an impairment, severe uterine fibroids, which substantially limits one or more major life activities, including but not limited to, concentration, time management, performance of physical tasks, consortium, and constitutes a disability as defined by the ADA, 42 U.S.C. § 12102(a)(A).

29. On or about December 18, 2017, Plaintiff received a job offer from UHS to work for Defendants at their Spring Mountain location, the Spring Mountain Treatment Center (hereinafter, "SMTC").

30. On or about December 19, 2018, Plaintiff accepted the position with Defendants, to start January 9, 2018, at SMTC.

31. Plaintiff was qualified to perform the essential functions as a Patient Account Manager with or without reasonable accommodation.

32. Defendants offered Plaintiff a job.

33. Defendants required Plaintiff to take a drug test as a "new hire" in order to expedite their need for transferring Plaintiff to the SMTC in under 30 days. Otherwise, Plaintiff could have transferred without taking a drug test.

34. On or about January 1, 2018, Defendants withdrew the job offer made to Plaintiff because Defendants decided that she tested positive for one of the substances on a list identified by Defendants.

35. The substance(s) that caused Plaintiff to test positive was prescribed to Plaintiff for her disability.

36. Between January 1, 2018 and January 18, 2018, Plaintiff informed Defendants of all the medications that she was prescribed that may have caused the failed drug test and offered to provide medical documentation showing that she had a prescription for the medications.

37. Defendants initially entertained Plaintiff's offer but ultimately rejected it.

38. Defendants treated Plaintiff differently than a similarly situated employee without a disability because she was on prescription medications.

39. Defendants refused to provide Plaintiff a reasonable accommodation, which would have allowed her to be hired.

40. Defendants refused to engage in the interactive process in order to determine if there was a reasonable accommodation, which would have allowed Plaintiff to be hired.

41. Defendants refused to hire Plaintiff.

42. Defendant UHS did not restore Plaintiff to her previous job position as a Patient Account Lead.

43. Defendants have engaged in unlawful employment practices in violation of Title I of the ADA, 42 U.S.C. § 12112(a), (b)(3), (5)(A) and (B), and (6). These unlawful employment practices include, but are not limited to, the following:

    a. Refusing to hire Plaintiff, a qualified applicant with a disabilities, on the basis of her disabilities in violation of 42 U.S.C.§ 12112(a);

    b. Refusing to restore Plaintiff's position on the basis of her disability, in violation of 42 U.S.C.§ 12112(a);

    c. Refusing to hire Plaintiff, a qualified applicants with a disability, because of her need for reasonable accommodations of Defendants' drug testing policy, in violation of 42 U.S.C. § 12112(b)(5)(A);

    d. Refusing to provide Plaintiff, a qualified applicants with a disability, a reasonable accommodation of Defendants' drug testing policy, in violation of 42 U.S.C. § 12112(b)(5)(B);

    e. Utilizing standards or criteria though application of and enforcement of their drug testing policy that have the effect of discriminating against Plaintiff, who was a qualified applicant on the basis of her disability, in violation of 42 U.S.C. § 12112(b)(3); and

      f.   Using qualification standards, employment tests, or selection criteria through application of and enforcement of their drug testing policy that screen out or tend to screen out a group of aggrieved individuals who were qualified applicants with disabilities, including Plaintiff, in violation of 42 U.S.C. § 12112(b)(6).

44.   The effect of the practices complained of in the foregoing paragraphs has been to deprive Plaintiff of her equal employment opportunities and otherwise adversely affect her status as a job applicant and employee because of her disability.

45.   The unlawful employment practices complained of in the foregoing paragraphs were intentional.

46.   The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Plaintiff and she was adversely affected by such practices.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, Valika Vanden Brink, prays that this Court grant the following relief:

A.   Economic Loss for Back Pay and Front Pay, plus prejudgment interest;

B.   Compensatory Damages in accordance with 42 U.S.C. §12117, 42 U.S.C. §1983, and other applicable statutes;

C.   Reasonable attorneys' fees pursuant to 42 U.S.C. §12205 and other applicable statutes;

D.   Punitive Damages;

E.   Costs of suit incurred herein; and

F.   Such other and further relief as the court deems just and proper

//
//
//
//
//
//

DATED this 2nd day of January, 2019.

                        WATKINS & LETOFSKY, LLP

                        /s/ Daniel R. Watkins

By: _____
DANIEL R. WATKINS
ERAN S. FORSTER
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Attorneys for Plaintiff, Valika Vanden Brink

**COMPLAINT FOR DAMAGES**
-8-

**REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED this 2nd day of January, 2019.

          WATKINS & LETOFSKY, LLP

          /s/ Daniel R. Watkins

By: _____
    DANIEL R. WATKINS
    ERAN S. FORSTER
    8215 S. Eastern Ave., Ste. 265
    Las Vegas, NV 89123
    Attorneys for Plaintiff, Valika Vanden Brink